JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Antonio Chavez-Mendoza

**DEFENDANTS**
E. M. Trominski, INS District Director

B-00-86

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956-421-3226

**ATTORNEYS (IF KNOWN)**
Lisa Putnam & Cheri Jones
SAUSAS
PO Box 1711
Harlingen, Tx 78551

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC §2241 Habeas to review final deportation order

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): Curiel Sanchez v. Trominski
JUDGE Hon. Filemon Vela
DOCKET NUMBER CB-99-023

DATE 6/14/00

SIGNATURE OF ATTORNEY OF RECORD Lisa S. Brodyaga

UNITED STATES DISTRICT COURT

```
             UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JUN 1 4 2000

Michael N. Milby
Clerk of Court

ANTONIO ~~MENDOZA~~-CHAVEZ - MENDOZA  )
                                      )
v.                                    )    C.A. No. B-00-86
                                      )
E.M. TROMINSKI, INS DISTRICT          )
       DIRECTOR                       )
_____)

PETITION FOR WRIT OF HABEAS CORPUS

Comes Antonio Chavez-Mendoza, by and through the undersigned, and, pursuant to 28 U.S.C. §2241(c)(1) and (c)(3),[1] files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "Board"), dated November 30, 1999, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

I.   THE FACTS AND PROCEDURAL HISTORY

1. Petitioner is a native and citizen of Mexico who has resided in the United States as a lawful permanent resident since April, 1978. His wife and three daughters, (ages eight, ten, and eighteen), are all United States citizens.

2. In 1991, in reliance on the availability of §212(c) relief from deportation, Mr. Chavez pled guilty to the offense of Illegal Investment, for which offense was granted probation. Had the law at that time been such that his plea of guilty would have precluded him from seeking relief from deportation, he would never have pleaded guilty. In fact, he considered that he was innocent of the offense, and at one point, so informed the Judge. However, the risks of trial were such that had he gone to trial, and lost, he

---

[1] As held in *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), this Court has habeas jurisdiction herein.

would have risked a lengthy prison sentence, and might not have been eligible for relief. He therefore followed his attorney's recommendation, and accepted the plea bargain offered by the government, which included probation. He successfully completed his probation, and was discharged in 1997.

3. In December of 1996, after the enactment of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), deportation proceedings were commenced. On information and belief, Mr. Chavez alleges that he was not put into deportation proceedings previously because it was the opinion of INS that he had a meritorious application for §212(c) relief, and that deportation proceedings would be a waste of time. However, after AEDPA was enacted, and most particularly, after the decision of the BIA in *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; AG 1997), INS concluded that, since deportation proceedings had not been previously initiated, and, consequently, no §212(c) application had been filed, he would no longer eligible for such relief. Consequently, almost six years after the conviction, deportation proceedings were commenced.

4. At his deportation hearing, Mr. Chavez requested §212(c) relief, which application was pretermitted, and he was ordered deported. Following appeal, the case was remanded, to give him an opportunity to contest deportability. At that time, he asserted that the offense of "illegal investment" was not a deportable offense. The Immigration Judge, however, concluded that it was, and ordered his deportation to Mexico.

5. Mr. Chavez again appealed to the BIA, raising various statutory and constitutional arguments. However, his appeal was denied, and he was ordered deported to Mexico.

2

## II. THE CAUSES OF ACTION

The instant petition challenges the decision of the Attorney General in *Matter of Soriano, supra*, on the grounds that Congress did not intend that AEDPA §440(d) be applied retroactively. The case therefore falls within the series of habeas petitions which the parties agreed would be governed by *Cantu-Salinas v. Trominski*, No. C.A. B-97-183, decided August 26, 1998, Southern District of Texas, Hon. Filemon B. Vela presiding. In said case, Judge Vela held that the Court had jurisdiction under 28 U.S.C. §2241, that Congress did not intend that 8 USC §1252(g) amend 28 U.S.C. §2241, and that Congress also did not intend for AEDPA §440(d) to be applied to convictions predating its enactment. Although this contention was rejected in *Requena-Rodriguez v. Pasquarell, supra*, the Court left open the possibility of retroactive effect where, as here, the resident *actually* relied on the availability of §212(c) relief in opting to plead guilty to the offense. Id. at. 308:[2]

> But [Requena] could not seriously suggest that he would have refrained from sexually molesting his children, or changed his plea, had he only known that in addition to suffering a prison term and a finding of deportability, he would not be eligible to be considered for a possible last-ditch reprieve from the Attorney General.

Mr. Chavez also contends that, *as applied herein*, AEDPA §440(d) violates Equal Protection, for two reasons. First, pursuant to *In re Fuentes-Campos*, I.D. 3318 (BIA 1997), it restricts access to relief only where the resident is seeking relief from deportation, and does not apply to exclusion proceedings. However, as a result

---

[2] See *also, Curiel-Sanchez v. Reno*, No. B-99-003, where the Fifth Circuit vacated this Court's decision, but remanded for further proceedings consistent with *Requena-Rodriguez, supra*.

3

of successful litigation in this immigration district, individuals such as he were not placed in exclusion proceedings following brief, casual, and innocent departures to Mexico. *See, Molina v. Sewell,* 983 F.2d 676 (5th Cir. 1993) (fact that lawful permanent resident has been convicted of a drug-related offense, and is under deportation proceedings when he departs the United States does not render exclusion proceedings appropriate on his return). [3]

Furthermore, AEDPA §440(d) bases eligibility solely on the speed with which a given case moves through the administrative process, thereby creating two otherwise equal classes: those whose cases are concluded by a given date, and those which are still pending on that date. *See, Logan v. Zimmerman Brush,* 455 U.S. 422 (1982), where seven of the nine Justices considered that Equal Protection was denied where a statute extinguished a cause of action if the case was not processed in a timely fashion.

Mr. Chavez also asserts that the Board erred in not remanding his case for consideration of his §212(c) application on a *nunc pro tunc* basis, since he was improperly deprived of the opportunity to seek relief because deportation proceedings were not initiated for almost six years after his conviction, (*see, Batanic v. INS*, 12 F.3d 1358 (7th Cir. 1993) (remanding for consideration of asylum application on a *nunc pro tunc* basis, where individual had been improperly deprived of the opportunity to apply prior to change in the law, rendering him statutorily ineligible).

---

[3]  *See also, Loa-Herrera et al v. Trominski et al*, No. 99-40122, (5th Cir., pending), showing that, although *Molina v. Sewell* was not followed in the Harlingen INS district in 1994, when it was filed, INS was in compliance by the time the order was issued.

4

And finally, Petitioner asserts that the Board improperly deprived him of the opportunity to seek adjustment of status, in conjunction with a §212(c) waiver of the ground of *exclusion* created by his conviction.  *See, In re Fuentes-Campos, supra.*

It is therefore urged that this Honorable Court vacate the instant deportation order, and remand to the BIA for further proceedings.

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

## VERIFICATION

I, Antonio Chavez, hereby certify that ~~I have read~~ *were read and explained to me by Lisa Brodyaga* the facts stated above, and that they are true and correct to the best of my knowledge and belief.

*[signature: Antonio M Chavez]*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibit A, were personally served on the Office of Lisa Putnam and Cheri Jones, SAUSAs, 1701 Zoy St., Harlingen, Texas, this 14th day of June, 2000.

*[signature]*

5

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Antonio Chavez-Mendoza

v.

E.M. Trominski, INS District Director

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-00-86

TO: (Name and Address of Defendant)

United States Attorney
910 Travis, Suite 1500, P.O. Box 61129
Houston, Texas ~~77002~~
77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

~~Lisa S. Brodyaga, Attorney~~
~~402 E. Harrison, 2nd Floor~~
~~Harlingen, Texas 78550~~

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk                                   6-14-00
CLERK                                                       DATE

[signature]
BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Antonio Chavez-Mendoza

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: B-00-861

E.M. Trominski, INS District Director

TO: (Name and Address of Defendant)

Hon. Janet Reno, United States Attorney General
950 Pennsylvania Ave. N.W., Suite 5111
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk             6-14-00

CLERK                                DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Antonio Chavez-Mendoza

V.

E.M. Trominski, INS District Director

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-00-86

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk                                        6-14-00
CLERK                                                          DATE

BY DEPUTY CLERK