UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 14 2000

Michael N. Milby
Clerk of Court

ANTONIO CHAVEZ-MENDOZA,           )
                                  )
v.                                )    C.A. No. B-00-86
                                  )
E.M. TROMINSKI, INS DISTRICT      )
     DIRECTOR                     )
_____)

POINTS AND AUTHORITIES IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

Comes Antonio Chavez-Mendoza, by and through the undersigned, and files the instant Points and Authorities in Support of His Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, dated November 30, 1999, ordering his deportation to Mexico.

I. RETROACTIVITY CLAIM

In *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), *reh. den.*, 202 F.3d 263 (Table), the Court left open the question of whether §440(d) should apply retroactively in a case where an immigrant actually relied on the availability of §212(c) relief at the time he plead guilty to a deportable offense. *See Requena*, 190 F.3d at 308 (observing that Mr. Requena could not have relied on availability of §212(c) relief when he plead guilty); *see also Mattis v. Reno*, __ F.3d __, 2000 WL 554957 (1st Cir. May 8, 2000) (holding that §440(d) does not retroactively eliminate §212(c) relief if immigrant actually relied on availability of such relief at the time he plead guilty); *Magana-Pizano v. INS*, 200 F.3d 603 (9th Cir. 1999) (same). *See also, Tasios v. Reno,* 204 F.3d 544 (4th

Cir. 2000), holding that AEDPA §440(d) does not apply to guilty pleas entered prior to enactment.

## II.   THE EQUAL PROTECTION CLAIMS

The distinctions created by AEDPA §440(d) are arbitrary, and bear no relationship, let alone a "fair and substantial" one, to its purposes. Said section therefore violates Equal Protection. *See, Plyler v. Doe*, 102 S.Ct. 2382 (1982)  (even aliens unlawfully in the United States are entitled to Equal Protection); *Reno v. Flores*, 113 S.Ct. 1439, 1449 (1993) (federal statute reviewed for Equal Protection violation, but none found); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (to pass Equal Protection muster, factor on which legislative discrimination is based must bear fair and substantial relationship to the objectives of the legislation); *Yeung v. INS*, 76 F.3d 337, 339 (11th Cir. 1996) (statute violates Equal Protection where eligibility for relief based on an arbitrary factor); *Bedoya-Valencia v. INS*, 6 F.3d 891, 895 (2nd Cir. 1993) (same); *Ghassan v. INS*, 972 F.2d 631, 633,n.2 (5th Cir. 1992) (extending §212(c) relief to aliens in deportation proceedings on Equal Protection grounds).

Petitioner's Equal Protection argument is greatly strengthened by the recent decision of the Supreme Court of the United States in *Troxel v. Granville*, ___ U.S. ___, 2000 WL 712807 (U.S. June 5, 2000). In said case, a plurality of the Court declined to hold that §26.10.160(3) of the Revised Code of Washington, (permitting "[a]ny person" to petition for visitation rights with minor children "at any time"), was unconstitutional **on its face**, but concluded that, **as applied** to the mother of the children at issue, it violated the Due Process clause of the Fifth Amendment of the U.S. Constitution, as applied through the Equal Protection Clause of the Fourteenth

2

ClibPDF - www.fastio.com

Amendment. *Id*. at *6:

> Section 26.10.160(3), as applied to Granville [the mother of the children at issue] and her family in this case, unconstitutionally infringes on that fundamental parental right.

In reaching this conclusion, the Court, of necessity, examined the facts of the case. *Id*. at *7 (emphasis added):

> Turning to the facts of this case, the record reveals that the Superior Court's order was based on precisely the type of mere disagreement we have just described and nothing more. The Superior Court's order was not founded on any special factors that might justify the State's interference with Granville's fundamental right to make decisions concerning the rearing of her two daughters. To be sure, this case involves a visitation petition filed by grandparents soon after the death of their son--the father of Isabelle and Natalie--but *the combination of several factors here compels our conclusion that § 26.10.160(3), as applied, exceeded the bounds of the Due Process Clause*.

*See also, id*. at *9:

> Considered together with the Superior Court's reasons for awarding visitation to the Troxels, the combination of these factors demonstrates that the visitation order in this case was an unconstitutional infringement on Granville's fundamental right to make decisions concerning the care, custody, and control of her two daughters.

This case is highly relevant to Petitioner's claim, that, **as applied to him,** AEDPA §440(d) is unconstitutional, notwithstanding that, in *Requena-Rodriguez v. Pasquarell, supra*, the Court rejected similar contentions that it is unconstitutional **on its face**. *Troxel* demonstrates that the "as applied" analysis is distinct from the question of whether a given statute is unconstitutional "on its

3

face," and requires an analysis of the interaction between the statute and the particular facts of the case, in a manner not pertinent to the "on its face" analysis, and therefore not performed in either *Requena* or *Alfarache*. [1]

## A. THE EXCLUSION/DEPORTATION DICHOTOMY

It is urged that AEDPA §440(d) is unconstitutional **as applied** to Petitioner, who would not have been able to take advantage of the alleged "carrot" upon which the on-its-face analysis of *Requena-Rodriguez* was based, (consisting of the opportunity to leave the United States, and, by triggering exclusion proceedings on his return, seek §212(c) relief), unless he had committed some illegal act at the time of his attempted re-entry, such as smuggling drugs or undocumented immigrants into the United States. *See, Molina v. Sewell,* 983 F.2d 676 (5th Cir. 1993) (fact that lawful permanent resident has been convicted of a drug-related offense, and is under deportation proceedings when he departs the United States does not render exclusion proceedings appropriate on his return). *See also, Loa-Herrera et al v. Trominski et al,* No. 99-40122, (5th Cir., pending), showing that, although *Molina v. Sewell* had not been meaningfully implemented in the Harlingen INS district in 1994, when it was filed, INS was in compliance with *Molina* by the time

---

[1] In *Alfarache v. Cravener*, 203 F.3d 381 (5th Cir. 2000), the Court rejected the "speed of proceedings" argument as a Due Process claim, for lack of a protected interest. That case did not, however, reach the issue as one involving Equal Protection, where no such interest is required. *See, Requena-Rodriguez* at page 309, n.34. ("The government contends that an equal protection claim against the federal government must be predicated on the infringement of a "liberty interest" protected by Due Process. This would seem to be a logical result of importing equal protection into the Fifth Amendment, but courts have not made that a threshold inquiry.")

4

the order therein was issued.

### B. THE "SPEED OF PROCEEDINGS" ARGUMENT

Petitioner also urges that, under *Logan v. Zimmerman Brush*, *supra*, AEDPA §440(d) violates Equal Protection, because it creates two otherwise similarly situated groups, to wit, those whose cases were finalized prior to its enactment, and those whose cases were not so finalized. Although *Alfarache* rejected a similar Due Process argument, the Court therein limited its analysis to the alleged Due Process violation, for lack of a protected interest, it did not consider whether it violated Equal Protection, wherein no such interest need be shown. *See, Requena-Rodriguez*, at p.309, n.34.

### III. THE *NUNC PRO TUNC* AND ADJUSTMENT CLAIMS

In the alternative, Mr. Chavez urges that the BIA erred in not remanding for consideration of §212(c) relief on a *nunc pro tunc* basis. Such *nunc pro tunc* relief is necessary to correct the injustice created by the fact that Mr. Chavez was not placed in deportation proceedings for nearly six years after his conviction, precisely because he case was highly meritorious. *See generally, Batanic v. INS*, 12 F.3d 1358 (7th Cir. 1993) (remanding for consideration of asylum application on a *nunc pro tunc* basis, where individual had been improperly deprived of the opportunity to apply prior to change in the law, rendering him statutorily ineligible).

And finally, Petitioner asserts that the Board improperly deprived him of the opportunity to seek adjustment of status, in conjunction with a §212(c) waiver of the ground of *exclusion* created by his conviction. *See, In re Fuentes-Campos*, *supra*.

5

It is therefore urged that this Honorable Court vacate the instant deportation order, and remand the case to the BIA for further proceedings on his application for §212(c) relief, both as a stand-alone application, and as a request for waiver of the ground of *excludability* created by his conviction, in conjunction with a request for adjustment of status.

Respectfully Submitted,

*Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was personally served on the Office of Lisa Putnam and Cheri Jones, SAUSAs, 1701 Zoy St., Harlingen, Texas, this 14th day of June, 2000.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 14 2000

Michael N. Milby
Clerk of Court

ANTONIO CHAVEZ-MENDOZA,         )
                                )
v.                              )     C.A. NO. B-00-86
                                )
E.M. TROMINSKI, INS DISTRICT    )
      DIRECTOR                  )
_____)


EXHIBIT "A" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS



# U.S. Department of Justice

## Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Pullen, Alberto B., Esq.
1623 Central Blvd., Ste 205, Interntl Bank of Comm. Bldg
Brownsville, TX 78520

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

Name: CHAVEZ-MENDOZA, ANTONIO

A35-514-838

Date of this notice: 11/30/1999

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
HURWITZ, GERALD S.
MORSE, MARVIN H.
SCIALABBA, LORI L.

ClibPDF - www.fastio.com

U.S. Department of Justice                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A35 514 838 - Harlingen              Date:  NOV 30 1999

In re:   ANTONIO CHAVEZ-MENDOZA

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Alberto B. Pullen, Esquire
                            815 Ridgewood
                            Brownsville, Texas  78520

ON BEHALF OF SERVICE:       Cheri L. Jones
                            Assistant District Counsel

ORDER:

   PER CURIAM. We agree with the Immigration Judge that the record in this case establishes by clear, unequivocal, and convincing evidence, that the respondent is deportable as charged. See Woodby v. INS, 385 U.S. 276 (1966).

   The respondent argues on appeal that his conviction for simple possession of a controlled substance is not an aggravated felony because it is punishable as a misdemeanor under federal law. He further argues that his conviction was not final because he had been granted deferred adjudication by the Texas criminal court. Initially, we find no error in the Immigration Judge's determination that the respondent's conviction for illegal investment in a scheme that he knew was intended to further the commission of the offense of aggravated delivery of marijuana is an aggravated felony. The use of the language of "delivery" in the criminal indictment, upon which the respondent entered a plea of guilty, indicates that the offense is not simple possession of a controlled substance, but rather a drug trafficking offense. "Aggravated felony," as stated in the Act, relates to a drug crime if the crime is a drug trafficking crime as defined under 18 U.S.C. § 942(c)(2). Section 942(c)(2) makes any drug crime a trafficking crime if it is a felony crime. Under federal law, a felony crime is any crime with a maximum term of imprisonment of more than one year. 18 U.S.C. § 3559(a)(5). Under federal law, any distribution conviction will be a felony, because all distribution convictions result in a sentence of more than one year. As the respondent's conviction carried a sentence in excess of one year, it is considered to be a distribution or trafficking conviction. Amaral v. INS, 977 F.2d 33 (1st Cir. 1992); Martins v. INS, 972 F.2d 657 (5th Cir. 1992); Matter of Davis, 20 I&N Dec. 536 (BIA 1992) (under federal law, a simple possession conviction will not result in a sentence of more than one year unless there are prior drug convictions). Accordingly, we find that the length of sentence imposed by the criminal court, in excess of one year, demonstrates that the offense is properly considered a felony for immigration purposes.

A25 514 838

We further find no error in the Immigration Judge's determination that the respondent was not granted deferred adjudication as a result of his conviction relating to a violation of controlled substance laws. As indicated by the Immigration Judge, the respondent received a suspended sentence of 10 years' incarceration. We have held that such a sentence qualifies as a term of incarceration for immigration purposes. Matter of S-S-, Interim Decision 3317 (BIA 1997), and thus renders the respondent ineligible for federal first offender treatment under the provisions of 18 U.S.C. § 3607(a) (1988). Matter of Manrique, Interim Decision 3250 (BIA 1995). Further more, even assuming arguendo that we determined that the respondent was granted deferred adjudication under Texas law, under the statutory definition of "conviction" provided at section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. II 1996), no effect is to be given in immigration proceedings to a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. Matter of Roldan, Interim Decision 3377 (BIA Dec. 1999).

The respondent is seeking relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). However, he is statutorily ineligible for such relief as an "alien who is deportable by reason of having committed any criminal offense covered in sections 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(I)." See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (BIA 1996; A.G. 1997).

The respondent is also seeking relief from deportation under section 212(h) of the Act. However, due to his conviction of an aggravated felony, he is also ineligible for that form of relief. Matter of Yeung, Interim Decision 3297 (BIA 1996).

The respondent argues on appeal that the retroactive effect of AEDPA violates the Constitution. It is well settled that this Board is without authority to rule on the constitutionality of laws enacted by Congress. See, e.g., Matter of Fuentes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992). Furthermore, we note that this Board is bound to follow the Attorney General's decision in Matter of Soriano, supra. 8 C.F.R. § 3.1(d)(2) (1997).

For the reasons stated above, the appeal is dismissed.

_____
FOR THE BOARD